Curran, J.
(concurring). I concur in the result reached by the majority, but I write separately because, in my view, an adverse inference charge based on the People’s failure to preserve surveillance video(s) is not required by People v Handy (20 NY3d 663 [2013]), as explained in People v Durant (26 NY3d 341 [2015]). I agree with the majority that People v Handy (20 NY3d 663 [2013]) stands for the very broad proposition that the People must preserve evidence as of the time “when something that will foreseeably lead to criminal prosecution occurs” (20 NY3d at 669). Moreover, inasmuch as the record before our Court in Handy showed that the subject video evidence pertaining to the first jailhouse arrest was recorded over before a criminal proceeding was commenced, it is clear that the duty to preserve evidence established in Handy arose before the defendant was even charged with a crime for the subject incident. While I fear that such a broad duty to preserve evidence places a huge burden on the People, especially in light of the enormous amount of electronic and digital informa *1614 tion that is collected these days, I concur with the majority that Handy has such a wide scope.
This case provides a glimpse of the burden created by Handy. There are approximately 50 so-called “blue light” cameras strategically placed throughout the City of Rochester (City of Rochester, NY, Police Overt Digital Surveillance System, http:// www.cityofrochester.gov/article.aspx?id=8589936528). The surveillance video here is from one such camera and involved one brief incident that may or may not have been captured by the camera. In this case, the police thought to look at the video and determined that the assault was not captured on it and therefore did not suspend the video’s automatic destruction. The majority and I agree that, based on Handy, an adverse inference charge is required here. Thus, the jury would be instructed that it is permitted to “infer that the destroyed evidence would have been favorable to the defense” (CJI2d[NY] Adverse Inference — Destroyed Evidence). Contrary to the pattern jury instructions in civil cases (1A NY PJI3d 1:77, 1:77.1 [2016]), this instruction would be without consideration of whether the jury concluded that the missing evidence was relevant (i.e., significant to its deliberations) and without consideration of whether the jury accepted the People’s explanation for the destruction of the evidence, assuming the trial court allowed testimony on that subject {see People v Cyrus, 48 AD3d 150, 159 [2007], lv denied 10 NY3d 763 [2008] [police officer’s testimony regarding content of videotape “likely inadmissible” under best evidence rule]). I submit that this is a harsh and unwarranted remedy for what occurred here, but the majority and I agree that this is the remedy required by Handy.
Nevertheless, perhaps realizing the extraordinary burden on the People created by the breadth of the Handy rule, the Court of Appeals in People v Durant (26 NY3d 341 [2015]) explained that, in Handy, the defendant had been charged with a crime in a felony complaint, the defendant had filed an omnibus motion demanding the evidence generated by electronic surveillance of the incident, and, “[djespite the defendant’s demand for such evidence, the police destroyed the surveillance images sometime between the defendant’s arraignment on the complaint and the filing of the indictment” (26 NY3d at 349 [emphasis added]). That explication of the facts is consistent with the interpretation given to Handy by the Committee on Criminal Jury Instructions in the adverse inference charge concerning destroyed evidence {see CJI2d[NY] Adverse Inference— Destroyed Evidence [“On or about {date), the defense requested *1615 that evidence. Thereafter, the agents of the government destroyed it” (emphasis added)]).
Here, the record shows that the first demand by the defense for the surveillance video(s) was after the video(s) had been destroyed pursuant to the normal business practices of the City of Rochester Police Department. Thus, as compelled by Durant’s explanation of Handy, the duty to preserve the surveillance video(s) was not timely triggered here and an adverse inference charge is not required.
Present — Centra, J.P., Peradotto, Carni, Curran and Troutman, JJ.